UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 12-80821-CIV-MARRA

PROBILL, INC., a Florida corporation,
and PROBILL SOLUTIONS, LLC, a
Florida limited liability company,

    Plaintiffs,

v.

CUMBIE LAW OFFICE AUTOMATION
CONSULTING, INC., a North Carolina
corporation, LEE D. CUMBIE and
JASHUA D. CUMBIE,

    Defendants.

_____/

## OPINION AND ORDER

THIS CAUSE is before the Court upon Defendants' Motion to Dismiss Amended Complaint [DE 12].  The motion is fully briefed and ripe for review. The Court has carefully considered the Motion and is otherwise fully advised in the premises.

### I.  Background

The facts of this case, as set forth in the Amended Complaint, which the Court accepts as true for purposes of the pending motion, are as follows.  Prior to January, 2010, Defendant Cumbie Law Office Automation Consulting, Inc. ("CLOAC") and Probill, Inc. ("Probill") were competitors in the business of sales and technical support of case management, time, billing, accounting and document management software solutions for the legal profession. [DE 11 at 3,

1

¶9]. On January 19, 2010, CLOAC and ProBill entered into an agreement appended to the Complaint as Exhibit A ("Agreement"). [DE 11-1]. The parties make various arguments in their papers relative to the ultimate import of this agreement, but there appears to be no dispute that for a period of time, the parties merged their business activities. [DE 11 at 3, ¶11, DE 12 at 2]. In February, 2012, a dispute arose between the parties, which resulted in the unwinding of this business relationship, with each party taking back those clients that had been theirs prior to the Agreement [DE 11 at 3-4, ¶¶12-13]. Subsequent to the termination of the Agreement, Defendant Lee D. Cumbie ("LDC") and CLOAC continued to provide services to Probill as independent contractors. [*Id.* at 4, ¶15].

The Amended Complaint alleges that after Probill fulfilled all of its obligations during the unwinding of the two businesses, and while LDC and CLOAC were providing their independent contractor services to Probill, Defendant Jashua D. Cumbie ("JDC"), LDC and/or CLOAC "disseminated an email message containing false or misleading representations of fact designed to cause confusion, mistake, or association of CLOAC, rather than Probill, as the provider of legal case management, time, billing and accounting software and consulting services during the period of time preceding ProBill's and CLOAC's settlement agreement, to clients in the Probill client database." [DE 11 at 5, ¶18]. This email message, appended to the Complaint, stated, in relevant part:

> You may have noticed, during recent support calls into Probill that Lee, Carl and I are no longer available to assist you. Unfortunately, the agreement between Cumbie Law Office Automation Consulting and ProBill was breached by ProBill. As a result, we have resumed independent operations.
>
> Because we have provided the bulk of the services you received

>over the last two years, we would like to extend our hand to you, and offer to continue doing so.  If you were satisfied with the technical service you received from us, and would like to consider us as your consultants going forward, we are delighted to help you.

[DE 11-3].  The email goes on to include various marketing information, including the offer of a discount for the first year of business together. [*Id.*].

Based upon this action by Defendants, Plaintiffs assert claims under the Lanham Act, 15 U.S.C. § 1125 [DE 11 at 5-6]; under the Florida Common Law of Unfair Competition [*Id*. at 6-7]; for breach of the parties' settlement agreement [*Id*. at 7-8]; for tortious interference with ProBill's advantageous business relationships [*Id*. at 8-10]; and for violation of the Florida Uniform Trade Secret Act [*Id*. at 10-17].

Defendants move to dismiss the Amended Complaint arguing that "[a]ll of the claims are inherently speculative and vague and otherwise fail to state claims upon which relief may be granted." [DE 12 at 2].  To support this position, however, Defendants introduce facts not contained within the Amended Complaint. They state that "clearly implied in the Amended Complaint, is that Defendants had full and unbridled access to the client database during the merged operations for over two years, and that there never was a written non-solicitation agreement in place between the parties." [*Id.*].

Defendants also argue that the Lanham Act and unfair competition claims fail as a matter of law because the email is not false or deceptive as a matter of law and is otherwise non-actionable.  [*Id.* at 3].  They further argue that no written settlement agreement exists to support Plaintiff's allegations relative thereto [*Id.*]; that Plaintiffs have failed to plead an unjustifiable interference, causation and special damages to support their claim for tortious interference; and

3

that as a matter of law, the parties waived any claim for trade secret infringement by their dealings [*Id.*].  Finally, Defendants argue that the Amended Complaint fails to allege facts substantiating that the customer lists were actually trade secrets.  [*Id.*].

## II. Legal Standard

With respect to the motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the Court observes first that Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed. R. Civ. P. 8(a). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950.  When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. *Hishon v. King & Spalding*, 467

U.S. 69, 73 (1984).

### III. Discussion

Defendants' arguments in support of their motion all essentially state that Plaintiffs will be unable to prove their case. This is not an appropriate analysis for a motion to dismiss a complaint, as opposed to a motion for summary judgment. All the Plaintiffs need to do at the pleading stage is comply with Rule 8(a), which they have clearly done. The Court notes that Defendants have not brought a motion for summary judgment, and the time within which to do so under the Court's scheduling order has passed. Nor is the Court inclined to convert the pending motion to dismiss into a motion for summary judgment pursuant to Fed. R. Civ. P. 12(d). While Defendants have introduced in their papers various facts not contained within the Amended Complaint, they have not introduced them in admissible form. Furthermore, on their face, they appear to constitute questions of fact at this time.[1]

A separate issue is presented by Plaintiffs' claim relating to the Lanham Act. Defendants point out that the section referred to in the complaint, Section 43(a)(1)(A), does not apply to the facts of this case. [DE 12 at 4-6]. Defendants further point out that Plaintiffs failed to sue under Section 43(a)(1)(B), which relates to commercial advertising or promotion. [*Id.* at 5]. Plaintiffs respond that this was a typographical error, and that they intended to sue under Section 43(a)(1)(B). [DE 13 at 2]. The Court has reviewed the Amended Complaint, and although

---

[1]By way of example, Defendants argue that the email at issue "is not false or deceptive as a matter of law" [DE 12 at 3]. Whether or not the email is false or deceptive appears to the Court to be a classic question of fact. Defendants also argue that the parties waived any claim for trade secret infringement by virtue of their dealings [*Id.*]. The motion papers do not agree relative to the nature of these dealings, and, therefore, at this stage of the proceeding, also create a question of fact.

Plaintiffs make reference to Section 43(a)(1)(A) in an introductory paragraph [DE 11 at 1, ¶1], in the section of the Amended Complaint that addresses the Lanham Act, no such reference appears [*Id.* at 5-6].  The Court finds no deficiency in the claim asserted and finds it unnecessary for Plaintiff to correct the introductory language.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss Amended Complaint **[DE 12]** is **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 17th day of May, 2013.

_____
KENNETH A. MARRA
United States District Judge